Brian J. Coffey (ISB #6566)
COFFEY LAW OFFICE
3350 Americana Terrace, Ste. 205
Boise, Idaho 83706
Telephone: (208) 991-8043
Facsimile: (208) 439-7435
brian@coffeylawoffice.net

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONESSA L. HORSEWOOD,<br><br>Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE, LLC, a Delaware limited liability company; PIONEER TITLE COMPANY OF ADA COUNTY DBA PIONEER LENDER TRUSTEE SERVICES, an Idaho corporation; and DOES 1-10 as individuals or entities with an interest in the property commonly known as:<br><br>9112 W Maple Hill Dr, Boise, Idaho 83709,<br><br>Defendants. | Case No. _____<br><br>**VERIFIED COMPLAINT TO QUIET TITLE** |

Plaintiff, DONESSA L. HORSEWOOD ("DONESSA"), by and through her counsel of record, Brian J. Coffey, Complains as follows:

I.

**JURISDICTION AND VENUE**

1. This action is brought pursuant to Idaho Code §6-401. The real property at issue is commonly referred to as 9112 W Maple Hill Dr, Boise, Idaho 83709 (the Property). This Court has jurisdiction pursuant to 28 USC 1332(a) because there is diversity between the parties and the amount in controversy exceeds $75,000.00.

VERIFIED COMPLAINT TO QUIET TITLE                                                                                                    1

2. Venue is proper in this District pursuant to 28 USC § 1391(a) as the district in which the Property is situated.

3. DONESSA, a divorced woman, is the owner of record of the Property.

4. Defendant, GMAC MORTGAGE, LLC ("GMAC"), is a Delaware limited liability company, with last known address for its principal place of business of ONE MERIDIAN CROSSINGS, SUITE 100, Minneapolis, MN 55423.

5. Defendant, PIONEER TITLE COMPANY OF ADA COUNTY DBA PIONEER LENDER TRUSTEE SERVICES ("PIONEER"), is an Idaho corporation, with last known address for its principal place of business of 8151 W Rifleman, Boise, ID 83704.

## II.

## QUIET TITLE

6. DONESSA purchased the Property with her former husband on or about December 26, 2003 with a loan from Homecomings Financial Network, Inc. ("HOMECOMINGS") in the amount of $157,410.00. The current unpaid principal balance on the loan, based on information and belief, is approximately $144,445.08.

7. On or about December 26, 2003, DONESSA executed a Promissory Note payable to the order of HOMECOMINGS.

8. On or about December 26, 2003, DONESSA and her husband granted a Deed of Trust to HOMECOMINGS, which was recorded on December 30, 2003.

9. DONESSA received various correspondence from GMAC, who purported to be the mortgage servicer for the loan.

10. In 2010, DONESSA received correspondence from GMAC indicating the loan was in default. In May 2010, DONESSA received a Notice of Default purporting that GMAC was the present holder of the beneficial interest in the Deed of Trust.

11. DONESSA alleges that the loan was included in a collateralized debt obligation/mortgage backed security ("CDO/MBS") subsequent to the recording of the Deed of Trust by HOMECOMINGS.

12. DONESSA alleges that no valid Assignment of the Deed of Trust to GMAC has been recorded as of the date of the Verification of this Complaint.

13. DONESSA alleges that GMAC is not in possession of the original Promissory Note.

14. DONESSA alleges that HOMECOMINGS sold its interest in the loan through the CDO/MBS process and is not entitled to be in possession of the Promissory Note.

15. DONESSA alleges that PIONEER is not in possession of the original Promissory Note.

16. DONESSA has asked GMAC on several occasions to identify who is in possession of the original Promissory Note and GMAC has refused to provide any information regarding that subject.

17. Without possession of the original Promissory Note or an agency relationship with the possessor of the original Promissory Note, GMAC has no authority to demand payment on the loan or take any action regarding the loan.

18. Without any interest of its own in the Deed of Trust, GMAC does not have any authority to appoint a Successor Trustee or to carry out a non-judicial foreclosure sale.

19. If HOMECOMINGS in fact sold its interest through a CDO/MBS or some other mechanism, it too has no legal authority to appoint a Successor Trustee or to carry out a foreclosure because the security interest should have followed the Note.

20. DONESSA demands that GMAC, or their principals if they are but agents, be required to produce the original Promissory Note executed by DONESSA.

21. If the original Promissory Note is not produced, then GMAC has no legal right to demand payment on the loan or take any action to foreclose on the Property.

22. This Verified Complaint is being brought to determine the interest of GMAC and PIONEER in the Property, if they have any valid interest in the Property.

23. There is no dispute regarding DONESSA's interest in the Property.

**WHEREFORE**, DONESSA respectfully requests the following:

1. That GMAC and/or PIONEER be required to produce the original Promissory Note in Court;

2. That GMAC's and PIONEER's interest in the Property be determined by the Court;

3. That any other person or entity purporting to have an interest in the Property prove its interest in Court;

4. That DONESSA be awarded attorney fees and costs of suit pursuant to Idaho Code §§ 12-120 and 12-121.

DATED: June 1, 2010

By _____
Brian J. Coffey
Attorney for Plaintiff

## VERIFICATION

STATE OF IDAHO )
                              )ss,
County of Ada           )

I, DONESSA L. HORSEWOOD, being first duly sworn on oath, depose and say:

1. I am the Plaintiff in the above entitled action and as such have sufficient knowledge to verify the Complaint;

2. That I have read the foregoing Complaint, know the contents thereof, and the facts therein stated are true and correct to the best of my knowledge and belief.

*[signature]*
DONESSA L. HORSEWOOD

SUBSCRIBED AND SWORN to before me this _____1_____ day of __June__, 2010.

_____
NOTARY PUBLIC FOR IDAHO
Residing at Boise, Idaho
My commission expires: